UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH HERNDON,

        Plaintiff,

v.

ARNP G. DURANO, *et al*,

        Defendants.

Case No.  C06-5154RJB-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #8). Plaintiff has not been granted *in forma pauperis* status in this case. See Report and Recommendation, dated the same date herewith.  After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

    There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331

ORDER
Page - 1

1  (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d
2  1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood
3  of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity
4  of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

5  As noted above, plaintiff has not been granted *in forma pauperis* status in this case.  In addition, he
6  has not shown a likelihood of success on the merits or the legal issues involved in this case are necessarily
7  complex. <u>See</u> Order to Show Cause, dated the same date herewith.  Accordingly, plaintiff's motion for
8  appointment of counsel (Dkt. #8) hereby is DENIED.

9  In both his complaint and his motion for appointment of counsel, plaintiff states he has submitted
10 "all legal medical documents that he has," and that he would like the Court to "lock and seal" all of his
11 medical records from the Washington State Department of Corrections ("DOC"). Supplemental Complaint
12 with Exhibits, p. 5 (Dkt. #1); Plaintiff's Motion for Appointment of Counsel ("Plaintiff's Motion"), p. 3.
13 In his motion, plaintiff appears to further request that the Court "lock and seal" all of his medical records
14 the DOC has in its files as well. Plaintiff's Motion, p. 3.

15 With respect to plaintiff's request to "lock and seal" the medical records he alleges DOC has in its
16 files, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which
17 he is not designated as a party or to which he has not been made a party by service of process." <u>Radio
18 Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110 (1969).  In other words, "a court has no power to
19 adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." <u>Id.</u>
20 Because the DOC is not a party to this lawsuit, the Court has no jurisdiction over the DOC, and therefore
21 cannot grant plaintiff's request.

22 In addition, it is not clear plaintiff in fact is requesting that the Court seal the medical records he has
23 submitted with his motion for appointment of counsel and supplemental complaint.  Thus, while the Court
24 certainly has the authority to grant such a request, it first requires from plaintiff a clear statement that this
25 is what he desires.  Not all of the many of the documents plaintiff submitted with his motion and
26 supplemental complaint, furthermore, appear to be medical records.  Accordingly, to the extent plaintiff is
27 seeking a seal order from the Court, he also must inform the Court as to exactly which such documents he
28 wants to have sealed.  Plaintiff shall so respond to the Court regarding these issues by **no later than July
23, 2006**.  As such, the Court will not grant plaintiff's seal request at this time.

ORDER
Page - 2

1  The clerk is directed to send a copy of this Order to plaintiff.

2  DATED this 23rd day of June, 2006.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3