UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH HERNDON,

        Plaintiff,

   v.

ARNP G. DURANO, *et al*,

        Defendants.

Case No.  C06-5154RJB-KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  The court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also Sparling v. Hoffman Construction Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988); Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Federal Rule of Civil Procedure ("Fed. R. Civ. P. 12(b)(6)") to dismiss deficient complaint); Crawford v. Bell, 599 F.2d 890,

ORDER
Page - 1

1  893 (9th Cir. 1979).

2  The court must give the plaintiff both "notice of its intention to dismiss" and "some opportunity to
3  respond," however, unless the plaintiff "cannot possibly win relief." Sparling, 864 F.2d at 638 (quoting
4  Wong, 642 F.2d at 362)). Thus, before the Court "may dismiss a *pro se* complaint for failure to state a
5  claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an
6  opportunity to amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.
7  1992); see also Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987) (district court erred by not notifying
8  *pro se* prisoner litigant of amended complaint's deficiencies and allowing him leave to amend).
9  Accordingly, while the Court finds that dismissal of plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is
10 proper for the reasons set forth below, the court is issuing this order to show cause to give plaintiff an
11 opportunity to file a response.

12  The court's review under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. Lee v. City of Los
13 Angeles, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint "are
14 taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the
15 plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not
16 be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff
17 can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355
18 U.S. 41, 45-46 (1957).

19  Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory
20 or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police
21 Dept., 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by
22 facts" are not sufficient to state a claim under 42 U.S.C. § 1983. Jones v. Community Development
23 Agency, 733 F.2d 646, 649 (9th Cir. 1984); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Thus,
24 even though the Court is to construe the complaint liberally, such construction "may not supply essential
25 elements of the claim that were not initially pled." Pena, 976 F.2d at 471.

26  To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of
27 was committed by a person acting under color of state law and (ii) the conduct deprived a person of a
28 right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
   451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section

1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, plaintiff alleges a denial of proper medical treatment while in the custody of the Washington State Department of Corrections in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff, however, has failed to set forth any facts showing how any of the individual defendants named in the complaint's caption were acting under color of state law, or caused or personally participated in causing the harm alleged. Indeed, none of those individually-named defendants are mentioned anywhere in the body of the complaint. As such, the complaint is fatally deficient.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than July 23, 2006**. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Court further notes that plaintiff attached to his original complaint some 193 exhibits totaling

1  215 pages of what appear to be mostly personal medical records.[1]  Should he choose to file an amended

2  complaint in response to this Order, plaintiff should be aware of the applicability of Federal Rule of Civil

3  Procedure ("Fed. R. Civ. P.") 8, which states in relevant part that "[a] pleading which sets forth a claim for

4  relief . . . shall contain . . . <u>a short and plain statement</u> of the claim showing that the pleader is entitled to

5  relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).

6      The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended

7  complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to

8  plaintiff.

9      DATED this 23rd day of June, 2006.

12  _____
    Karen L. Strombom
13  United States Magistrate Judge

---

[1] Plaintiff has requested in his supplemental complaint (Dkt. #1) and motion for appointment of counsel that the Court seal those records. (Dkt. #8).  The Court has addressed that request in its order denying his motion for appointment of counsel. <u>See</u> Order Denying Plaintiff's Motion for Appointment of Counsel, dated the same date herewith.

ORDER
Page - 4