UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH HERNDON,

    Plaintiff,

v.

ARNP G. DURANO, *et al*,

    Defendants.

Case No.  C06-5154RJB-KLS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for July 21, 2006

    This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff is an inmate at the Stafford Creek Corrections Center.  He filed an application to proceed *in forma pauperis* (Dkt. # 1), but then subsequently paid the $250.00 Court filing fee (Dkt. #6).  Accordingly, because plaintiff has paid the filing fee, the Court should deny the application.

## DISCUSSION

    A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  <u>See</u> 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

    On March 21, 2006, plaintiff filed his complaint and application to proceed *in forma pauperis*. (Dkt. #1).  On May 10, 2006, the Court ordered plaintiff to cure a certain deficiency in his application by

REPORT AND RECOMMENDATION
Page - 1

1  no later than June 10, 2006, or this matter could be dismissed for failure to prosecute. (Dkt. #5). On June
2  14, 2006, plaintiff paid the $250.00 Court filing fee. (Dkt. #6). Thus, because plaintiff has paid the filing
3  fee, his application to proceed *in forma pauperis* is moot.

4  CONCLUSION

5      Because plaintiff has paid the Court filing fee, the undersigned recommends that the Court deny his
6  application to proceed *in forma pauperis*.

7      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R.
8  Civ. P."), petitioner shall have ten (10) days from service of this Report and Recommendation to file
9  written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of
10 those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time
11 limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **July 21, 2006**, as
12 noted in the caption.

13     DATED this 23rd day of June, 2006.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2