UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH HERNDON,<br><br>              Plaintiff,<br><br>      v.<br><br>ARNP G. DURANO, *et al*,<br><br>              Defendants. | Case No.  C06-5154RJB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 8, 2006 |

      This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983.  He has not been granted *in forma pauperis* in this matter.  This matter is before the Court upon its review of plaintiff's amended complaint.  For the reasons set forth below, the undersigned recommends plaintiff's amended complaint be dismissed as frivolous.

DISCUSSION

      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also Sparling v. Hoffman Construction Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988); Omar v. Sea-Land

Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Federal Rule of Civil Procedure ("Fed. R. Civ. P. 12(b)(6)") to dismiss deficient complaint); Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979).

The Court must give the plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless the plaintiff "cannot possibly win relief." Sparling, 864 F.2d at 638 (quoting Wong, 642 F.2d at 362)). Thus, before the Court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); see also Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987) (district court erred by not notifying *pro se* prisoner litigant of amended complaint's deficiencies and allowing him leave to amend).

The court's review under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. Jones v. Community Development Agency, 733 F.2d 646, 649 (9th Cir. 1984); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  Thus, even though the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." Pena, 976 F.2d at 471.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section

1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

On June 23, 2006, the undersigned issued an order to show cause, informing plaintiff that the original complaint he filed (Dkt. #11) was fatally deficient. In that complaint, plaintiff alleged a denial of proper medical treatment while in the custody of the Washington State Department of Corrections in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff, however, failed to set forth any facts showing how any of the individual defendants named in the complaint's caption were acting under color of state law, or caused or personally participated in causing the harm alleged. Indeed, none of them were mentioned anywhere in the body of the complaint.

In response to the Court's order, on July 25, 2006, plaintiff filed a six-page amended complaint, along with a twenty-page supplement thereto, and some nearly 300 pages of supporting exhibits. The amended complaint and supplement, however, suffer from the same fatal deficiencies as did plaintiff's original complaint. That is, plaintiff still has failed to set forth any facts showing how any of the individual defendants named in the caption of the complaint were acting under color of state law, or caused or personally participated in causing the harm alleged. Further, plaintiff's inclusion of the nearly 300 pages of supporting exhibits, needless to say, violates the requirement of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a), that the complaint contain "a short and plain statement" of the claims contained therein.

In addition, plaintiff previously had requested that the Court seal the medical records he had filed with his original complaint and motion for appointment of counsel (Dkt. #8). The undersigned denied that request, because plaintiff had not informed the Court as to exactly which of the many documents he filed he wished to have sealed. Plaintiff was given until July 23, 2006, to inform the Court as to exactly which such documents he wanted to have sealed. Plaintiff has not done so, and, indeed, it now appears that he

wishes to withdraw that previous request. See Supplement to Amended Complaint, p. 5 (Dkt. #16-2). As such, the Court should not seal any records previously filed in this case.

Finally, it appears that plaintiff again is requesting appointment of counsel. See Supplement to Amended Complaint, p. 19. Plaintiff's previous request for appointment of counsel was denied on June 23, 2006. (Dkt. #10) Plaintiff does not provide any reasons why that previous denial was improper, or why he feels circumstances have changed such that appointment of counsel is now proper. Accordingly, plaintiff's renewed request for appointment of counsel should be denied as well.

## CONCLUSION

Because plaintiff's amended complaint remains fatally deficient, the undersigned recommends the Court dismiss that complaint as frivolous with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **September 8, 2005**, as noted in the caption.

DATED this 14th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4